## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

ABDUL JALIL MARYLAND,
KIM PERRY,
ETHEL ELLIS,
DE-SHAWN MARCUS-JONES,
ERIC MCDONALD,
MAVIS THORNTON,
LA'SHAWN SMITH,
KELLIE BASEMORE,
DENIS BUTTS,
NETTIE TAYLOR,
TONIA WHITE,
    and
KEITH TROTMAN,

    Plaintiffs,

    v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,
MV TRANSPORTATION, INC.,
LELAND PETERSON,
PAUL COMFORT,
JAMES WAUGH,
DONNA SNOWDEN,
NICOLE BROWN,
CHARLES KHAI,
    and
PAVEL LESHO,

    Defendants.

Civil Action No. TDC-14-3397

## MEMORANDUM OPINION

This case is before the Court on Plaintiffs' Motion to Amend the Complaint, ECF No. 4;

a Motion to Dismiss filed by Defendants MV Transportation, Inc., Leland Peterson, Paul

Comfort, James Waugh, Donna Snowden, Nicole Brown, Charles Khai, and Pavel Lesho, ECF

No. 10; Defendant Washington Metropolitan Area Transit Authority's Motion to Dismiss, ECF No. 15; Plaintiffs' Motion for a Declaratory Judgment, ECF No. 35; and Plaintiffs' Motion for Certification of a Class, ECF No. 40. Having reviewed the filings, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion to Amend is GRANTED, both Motions to Dismiss are GRANTED, the Motion for a Declaratory Judgment is DENIED, and the Motion for Class Certification is DENIED.

## BACKGROUND

The twelve named Plaintiffs in this case, who are proceeding *pro se*, are all current or former employees of MV Transportation, Inc. ("MV Transportation"), a contractor for the Washington Metropolitan Area Transit Authority ("WMATA"). On September 11, 2014, Plaintiffs filed a Complaint in the Circuit Court of Prince George's County, Maryland against WMATA, MV Transportation, and seven supervisors at MV Transportation ("the Individual Defendants") in which they allege that MV Transportation regularly monitored and recorded employees' conversations without their consent, in violation of federal and state wiretapping laws. Plaintiffs assert that MV Transportation then used "false allegations" about the content of those monitored conversations to suspend or terminate employees. Compl. ¶ 1, ECF No. 2. Although it appears that Plaintiffs allege that the conversations at issue took place over the telephone, they do not indicate whether the devices allegedly tapped were personal phones or phones provided by MV Transportation for work purposes. Plaintiffs complained about this practice to management, but, they allege, both WMATA and MV Transportation asserted that they are exempt from wiretapping laws, that such laws "d[id] not apply in their business model," and that they would therefore "continue this practice." *Id.* ¶ 4.

2

Plaintiffs also allege that they have been subjected to discrimination by being denied wages and fringe benefits, but do not identify any specific basis, such as race or gender, for the discrimination, and they do not identify any protected classes to which they individually belong. Plaintiffs note that WMATA and MV Transportation, having received federal funding, therefore agreed "to comply with all applicable equal employment opportunity requirements of [the] U.S. Department of Labor." *Id.* ¶¶ 12-13.

Based on these allegations, Plaintiffs assert that Defendants violated the Wiretap Act, 18 U.S.C. § 2510 *et seq.* (2012); the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. § 2701 *et seq.* (2012); and the Maryland Wiretapping and Electronic Surveillance Act, Md. Code, Cts. & Jud. Proc., § 10-401 *et seq.* (2009). Plaintiffs also allege violations of 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the Constitution relating to the alleged wiretapping. Furthermore, they assert claims of discrimination under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d (2012); the Equal Pay Act, 29 U.S.C. 206(d) (2012); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (2012); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (2012); 42 U.S.C. § 6101 *et seq.* (2012), which prohibits discrimination on the basis of age in programs receiving federal financial assistance; the Federal Transit Administration Act, 49 U.S.C. § 5301 *et seq.* (2012); and 41 C.F.R. § 60-1.1 *et seq.* (2015), which bars discrimination by government contractors and subcontractors.

On October 6, 2014, Plaintiffs filed a Motion to Amend the Complaint to include a claim of retaliation. In that Motion, Plaintiffs state that on or about June 11, 2014, Plaintiff Abdul Jalil Maryland ("Maryland") reported MV Transportation and WMATA to the Office of the Inspector General for misappropriation of federal funds. Plaintiffs allege that on September 11, 2014, in

3

response to the filing of the Complaint in this case, MV Transportation terminated Maryland from his position. They also allege that on September 29, 2014, Plaintiff Da-Shawn Marcus-Jones ("Marcus-Jones") was terminated in retaliation for joining this lawsuit. Plaintiffs contend that these acts of retaliation violated Title VI and 29 C.F.R. § 33.13 (2015), which enforces the prohibition on discrimination on the basis of handicap in programs or activities conducted by the U.S. Department of Labor.

On October 29, 2014, Defendants removed this action to this Court. On November 5, 2014, MV Transportation and the Individual Defendants filed a Motion to Dismiss for Failure to State a Claim. On November 14, 2014, WMATA filed its Motion to Dismiss for Failure to State a Claim. On November 25, 2014, Plaintiffs filed a Motion for Declaratory Judgment. On December 15, 2014, Plaintiffs filed a Motion for Certification of Class.

## DISCUSSION

### I.   Plaintiffs' Motion to Amend the Complaint

Federal Rule of Civil Procedure 15 allows plaintiffs to amend their pleadings "once as a matter of course" if the pleading is amended within 21 days after serving it. Plaintiffs filed their Motion to Amend on October 6, 2014. According to the Maryland Judiciary Case Search, Defendants were served with the original Complaint on October 6, 2014.[1] Maryland Judiciary Case Search, Civil Action No. CAL1424334, *available at* http://casesearch.courts.state.md.us. Because Plaintiffs amended their Complaint within the time frame allowed under Rule 15, the Motion to Amend is granted.

---

[1] The Court takes judicial notice of these court proceedings pursuant to Federal Rule of Evidence 201(b)(2).

## II.   Defendants' Motions to Dismiss

As a threshold matter, WMATA contends that it "is not subject to, or otherwise enjoys sovereign immunity" to claims alleging violations of 42 U.S.C. § 1983 ("Section 1983"), the ADA, and the ADEA because it is an arm of the state of Maryland.  WMATA Mot. Dismiss at 3. WMATA further contends that, under the terms of the Washington Metropolitan Area Transit Authority Compact (the "Compact"), WMATA and MV Transportation are exempt from suit under the federal wiretapping laws, and WMATA is exempt from suit under the Maryland wiretapping law.  As discussed below, the Court finds that WMATA may not be sued under Section 1983, the ADA, the ADEA, or the Maryland wiretapping statute, but that neither WMATA nor MV Transportation is exempt from suit under the federal wiretapping laws.

Beyond these threshold questions, Defendants assert that Plaintiffs have failed to plead factual content sufficient to maintain any of their causes of action.

### A.   Claims of Immunity and Exemption from Suit

#### 1.   42 U.S.C. § 1983

WMATA is an "interstate compact agency and instrumentality of Maryland, Virginia, and the District of Columbia." *Lizzi v. Alexander*, 255 F.3d 128, 132 (4th Cir. 2001), *overruled in part on other grounds by Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003). As an instrumentality of the State of Maryland, WMATA is not a "person" within the meaning of Section 1983 and therefore cannot be sued under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that a state is not a "person" under Section 1983 and therefore is not subject to suit under it); *James v. Wash. Metro. Area Transit Auth.*, 649 F. Supp. 2d 424, 430 (D. Md. 2009) ("WMATA is not subject to suit under Section 1983."). Because Section 1983 is the means by which private citizens assert claims for constitutional violations by

government officials, Plaintiffs' claims for violations of the Fourth and Fifth Amendments to the Constitution must be construed as claims under Section 1983. *Zombro v. Baltimore City Police Dept.*, 868 F.2d 1364, 1366 (4th Cir. 1989) (stating that Section 1983 is the "statutory basis to receive a remedy for the deprivation of a right secured by the Constitution and laws of the United States") (internal quotation marks and citation omitted). Thus, WMATA is similarly not subject to Plaintiffs' Fourth and Fifth Amendment claims. Plaintiffs' Section 1983, Fourth Amendment, and Fifth Amendment claims against WMATA are therefore dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F. 3d 312, 320 (4th Cir. 2010) (stating that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

### 2. Eleventh Amendment Immunity

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment immunizes states, state agencies, and state instrumentalities from suit by private parties in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Bland v. Roberts*, 730 F.3d 368, 389–91 (4th Cir. 2013) (holding that federal court claims for damages against a state official in his official capacity are barred by the Eleventh Amendment). In enacting the ADA, Congress explicitly sought to abrogate the states' Eleventh Amendment immunity in order to permit suits against states for disability discrimination. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001). The Supreme Court, however, has held that because the abrogation was not a valid exercise of congressional power, the Eleventh Amendment protects states from suits under the

6

ADA. *Id.* at 374. Similarly, the Supreme Court has held that Congress's abrogation of Eleventh Amendment immunity in the ADEA was invalid, such that the states may not be sued for age discrimination under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000).

Thus, states are generally immune from suit under the ADA and ADEA. Because it is an instrumentality of the State of Maryland, WMATA may partake of Maryland's Eleventh Amendment immunity. *See Lizzi*, 255 F.3d at 132. However, the Compact carves out certain exceptions to sovereign immunity. Specifically, the Compact waives WMATA's immunity to suit for any torts "committed in the conduct of any proprietary function." Md. Code, Transp. § 10-204(80). The Compact, however, does not waive sovereign immunity for "torts occurring in the performance of a governmental function." *Id.* Because "hiring, training, and supervision practices are governmental functions," *Lizzi*, 255 F.3d at 133 (holding that the Compact did not waive sovereign immunity from suits by WMATA employees under the Family and Medical Leave Act), the waiver of immunity for torts involving proprietary functions does not apply to Plaintiffs' claims of ADA and ADEA violations arising from WMATA's employment practices. Thus, WMATA is immune to suit for those alleged violations. *See Garrett*, 531 U.S. at 374; *Kimel*, 528 U.S. at 91; *Jones v. Wash. Metro. Area Transit Auth.*, 205 F.3d 428, 432 (D.C. Cir. 2000) (holding that Eleventh Amendment immunity protects WMATA from suits under the ADEA); *Hopps v. Wash. Metro. Area Transit Auth.*, 480 F. Supp. 2d 243, 255 (D.D.C. 2007) (holding that Eleventh Amendment immunity bars suits under the ADA); *see also Minor v. Wash. Metro. Area Transit Auth.*, Civ. Action No. RWT-12-1061, 2013 WL 3776365 at *2 (D. Md. July 16, 2013) (holding that WMATA had Eleventh Amendment immunity from suit under the ADA); *McGee v. Wash. Metro. Area Transit Auth.*, Civ. Action No. RWT-06-1965, 2008 WL 5501305 at *3 n. 8 (D. Md. Feb. 29, 2008) (finding that WMATA has Eleventh Amendment

immunity from suit under the ADEA).  Thus, the ADA and ADEA claims against WMATA are dismissed with prejudice.

### 3. Exemptions Arising from the Compact

Based on the terms of the Compact, WMATA also cannot be sued under the Maryland Wiretapping and Electronic Surveillance Act.  Because WMATA is an instrumentality of three different jurisdictions—Maryland, Virginia, and Washington D.C.—one party to the Compact "may not enact legislation which would impose burdens upon the compact absent the concurrence of the other signatories." *C.T. Hellmuth & Assoc., Inc. v. Wash. Metro. Area Transit Auth.*, 414 F. Supp. 408, 409 (D. Md. 1976) (holding that WMATA was not subject to Maryland's freedom-of-information law because "one party may not enact legislation which would impose burdens on the compact absent the concurrence of the other signatories"); *accord Lucero-Nelson v. Wash. Metro. Area Transit Auth.*, 1 F. Supp. 2d 1, 7 (D.D.C. 1998) ("[O]ne signatory [of the WMATA Compact] may not impose its legislative enactment upon the entity created by it without the express consent of the other signatories and of the Congress of the United States.").  WMATA therefore cannot be subjected to the laws of one of its member states without the express consent of the other states.  Here, there is no evidence that Virginia and Washington D.C. have expressly consented to subjecting WMATA to the provisions of the Maryland Wiretapping and Electronic Surveillance Act.  *See generally Pennhurst,* 465 U.S. at 99 (explaining that, to be valid, a state's waiver of sovereign immunity must be "unequivocally expressed").  WMATA therefore cannot be sued under that statute.

WMATA's claim that it and MV Transportation are exempt from suit under the federal wiretapping statute is less convincing.  WMATA cites as the source of this exemption Section 77 of the Compact, which states, in relevant part:

> Except as otherwise provided in this title, any transit service rendered by transit facilities owned or controlled by the Authority and the Authority or any corporation, firm or association performing such transit service pursuant to an operating contract with the Authority, shall, in connection with the performance of such service, be exempt from all laws, rules, regulations and orders of the signatories and of the United States otherwise applicable to such transit service and persons, except that laws, rules, regulations and orders relating to inspection of equipment and facilities, safety and testing shall remain in force and effect[.]

Md. Code, Transp. § 10-204(77). WMATA reads this provision as a general exemption clause, applying to any and all laws that might otherwise include WMATA in their sweep. But the provision, by its own terms, exempts "any transit service rendered" by WMATA or its contractors, and exempts WMATA and its contractors only in connection with "the performance of such service." The additional reference to laws relating to inspection and safety testing suggest that Section 77 is not a general exemption from all laws, but a specific exemption from transit-related regulation, a conclusion buttressed by the original, explanatory title of the section: "Exemption from Regulation." H.R. Rep. No. 89-1914, at 18, 51 (1966). The purpose of Section 77 was "exemption from the separate regulation of the several signatories," so that WMATA could be "entirely self-regulating with respect to fares, service and other activities which affect net revenues." *Malone v. Wash. Metro. Area Transit Auth.*, 622 F. Supp. 1422, 1430 (E.D. Va. 1985) (quoting Testimony of Jerome Alper, Counsel to the Joint Transportation Commission, Hearings of House of Representatives, Committee of the Judiciary, Subcommittee Report No. 3, 89th Cong., 2nd Sess., H.J. Res. 1163, July 20, 27, August 3, 1966, p. 235). Upon consideration of the language of the Compact and this legislative history, WMATA's suggestion that Section 77 exempts it and its subcontractors from all laws, rules, and regulations of any kind

appears to be too broad an interpretation. The Court therefore rejects the contention that Section 77 exempts WMATA and MV Transportation from federal wiretapping statutes.

Since WMATA cannot be sued under Maryland's wiretap laws, the claim against WMATA for violation of the Maryland Wiretapping and Electronic Surveillance Act is dismissed with prejudice. Because, however, WMATA and MV Transportation are not exempt from suit under federal wiretapping laws, the Court evaluates below the sufficiency of the Complaint's allegations as to those claims.

### B. Sufficiency of the Complaint

#### 1. Legal Standard

To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.* In evaluating the sufficiency of the plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint must nevertheless contain more than "legal conclusions, elements of a

cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Although Plaintiffs cite numerous statutory provisions, they make very few factual allegations to support their wiretapping and discrimination claims. Because of the paucity of Plaintiffs' allegations, all of their claims must be dismissed. *Nemet Chevrolet*, 591 F.3d at 255. However, as detailed below, Plaintiffs will be granted leave to amend those claims that, with further factual support, might be legally viable. Those claims that, even with additional factual support, could not give rise to a viable lawsuit will be dismissed with prejudice. *U.S. Airline Pilots Ass'n*, 615 F. 3d at 320.

### 2. Wiretapping Claims

#### a. Statutory Claims

Plaintiffs allege federal causes of action for wiretapping under sections 2511 and 2520 of the Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and section 2701 of the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. § 2701 *et seq.* They allege state law causes of action for wiretapping under four sections of the Maryland Wiretapping and Electronic Surveillance Act: Md. Code, Cts. & Jud. Proc., §§ 10-401, 10-402, 10-405, and 10-410. Although, as discussed above, WMATA may not be sued under the Maryland wiretapping law, MV Transportation and the Individual Defendants have no such protection.

Turning to the individual provisions, Plaintiffs' action cannot proceed against any Defendant under 18 U.S.C. § 2701 because that is a criminal statute only. Private citizens do not have the right to institute a criminal prosecution or to enforce criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). 18 U.S.C. § 2511, although primarily a criminal statute, does allow the federal government to

initiate a civil cause of action, but it does not provide for a private right of action. *See* 18 U.S.C. §2511(5). Plaintiffs therefore also cannot proceed under that provision against any Defendant. Nor can Plaintiffs' action proceed against MV Transportation and the Individual Defendants under sections 10-401, 10-402, and 10-405 of the Maryland Wiretapping and Electronic Surveillance Act. Section 10-401 defines terms used in the article; section 10-402 authorizes only criminal prosecution or a civil enforcement action by the federal or state government, and section 10-405 governs the admissibility of wiretapped communications in court proceedings. Because none of these federal or state sections create a private right of action, they are dismissed with prejudice as to all Defendants.

18 U.S.C. § 2520 and section 10-410 of the Maryland Wiretapping and Electronic Surveillance Act, however, can be the basis for a private civil cause of action. 18 U.S.C. § 2520 provides that

> [A]ny person whose wire, oral, or electronic communications is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Section 10-410 provides that:

> Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this subtitle shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use the communications, and be entitled to recover from any person . . . damages.

Md. Code, Cts. & Jud. Proc. § 10-410. While, in theory, Plaintiffs could sue all Defendants under 18 U.S.C. § 2520 and could sue MV Transportation and the Individual Defendants under Section 10-410 of the Maryland law, Plaintiffs' current allegations relating to wiretapping are too non-specific for these claims to proceed. Plaintiffs assert generally that Defendants were "recording and monitoring conversations" of Plaintiffs "without the consent of all parties to the

12

conversations" and have suspended or terminated employees "via false allegations concerning the content of the recorded conversations." Compl. ¶ 1. But they have failed to allege specific facts that, if true, would establish a violation of either statute. For example, they have not identified which of the Plaintiffs were monitored; what devices were allegedly monitored (company-owned or personal); how, when, and by whom the monitoring was done; and whether one party consented to the monitoring. Thus, Plaintiffs' allegations are too vague to provide Defendants with proper notice of the claims. *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that "[d]istrict judges are not mind readers" and therefore cannot be expected to "construct full-blown claims" based on insufficient factual allegations). Because the current Complaint does not contain sufficient factual averments, Plaintiffs' causes of action under 18 U.S.C. § 2520 and Section 10-410 of the Maryland Wiretapping and Electronic Surveillance Act are dismissed. However, because it may be possible for Plaintiffs to allege the necessary facts to make out these causes of action, Plaintiffs are granted leave to amend. Plaintiffs are reminded that because, as explained above, WMATA may not be sued under Maryland's wiretap law, any revised cause of action under that law must be against MV Transportation and the Individual Defendants only.

### b. 42 U.S.C. § 1983 and Constitutional Violations

Plaintiffs also allege a violation of 42 U.S.C. § 1983, apparently in relation to alleged wiretapping of their conversations. As noted above, WMATA is not a "person" within the meaning of Section 1983, and therefore cannot be sued under that provision. Any Section 1983 action must therefore be against MV Transportation or the Individual Defendants. In general, to state a claim under Section 1983, plaintiffs must allege facts that would establish (1) conduct by a "person"; (2) who acted "under color of state law"; (3) causing a deprivation of a federally

13

protected right. *West v. Atkins*, 487 U.S. 42, 48 (1988). The federally protected right could include rights under the Fourth Amendment to the Constitution, which bars unreasonable searches and seizures by the government, or the Fifth Amendment, which prohibits governmental deprivation of life, liberty, or property without due process of law. Here, Plaintiffs fail adequately to plead factual allegations establishing these elements. In particular, they do not allege facts showing that MV Transportation acted under color of state law, that is, that it acted in an official state or local government capacity. They also fail to allege any facts supporting any violation of federal rights perpetrated by any of the Individual Defendants, or any facts establishing that the Individual Defendants acted in any official state or local government capacity. Plaintiffs' Section 1983 claim is therefore dismissed with leave to amend.

As discussed above, plaintiffs may not sue directly under the Fourth and Fifth Amendments to the Constitution. Any alleged violation of those constitutional provisions must be brought under Section 1983. *Zombro*, 868 F.2d at 1366. Thus, the claims brought directly under the Constitution are dismissed with prejudice.

### 3. Discrimination Claims

Plaintiffs generally assert violations of various anti-discrimination statutes and regulations, including Title VI, the ADA, the ADEA, 42 U.S.C. § 6101 *et seq.*, the Equal Pay Act, the Federal Transit Administration Act, and 41 C.F.R. § 60-1.1 *et seq.* As set forth below, there is no private right of action to bring a discrimination lawsuit under the Federal Transit Administration Act. That claim is therefore dismissed with prejudice. Furthermore, because the ADA and the ADEA do not provide for causes of action against employee supervisors in their individual capacities, Plaintiffs' ADA and ADEA causes of action against the Individual Defendants are dismissed with prejudice. Because the remaining discrimination allegations are

14

so lacking in detail as to provide insufficient notice to Defendants of the basis for Plaintiffs' claims, they must also be dismissed, but Plaintiffs will be given leave to amend those claims.

### a. The Federal Transit Administration Act

The Federal Transit Administration Act ("FTAA"), 49 U.S.C. § 5301 *et seq.*, formerly the Urban Mass Transportation Act ("UMTA"), provides federal funding for transportation and infrastructure projects and, as part of that funding, holds recipients of funds to accessibility standards for "individuals with disabilities, seniors, and individuals who depend on public transportation." 49 U.S.C. § 5301(6). There is no express private right of action under the FTAA, and numerous courts have held that none can be implied. *See Razorback Cab of Ft. Smith, Inc. v. Flowers*, 122 F.3d 657, 659 (8th Cir. 1997) (declining to read a private right of action into the UMTA); *City of Evanston v. Reg'l Transp. Auth.*, 825 F.2d 1121, 1123-24 (7th Cir. 1987) ("The UMT Act does not create a private right of action, and none can be implied."); *McCarthy v. Hornbeck*, 590 F. Supp. 936, 938 (D. Md. 1984) (noting its earlier determination "that no private right of action can be implied" under the UMTA). Those courts that have found a private right of action have done so only when the plaintiffs were users of federally funded transportation projects who alleged that the recipient of the federal grant had failed adequately to adhere to the accessibility requirements of the statute. *See Cohen v. Massachusetts Bay Transp. Auth.*, 647 F.2d 209, 212 (1st Cir. 1981) (holding that the UMTA "giv[es] legally enforceable rights to the public" in the context of a suit by riders of Boston's mass transit system); *Baker v. Bell*, 630 F.2d 1046, 1050 (5th Cir. 1980) (holding that mobility-disabled users of public transportation had standing to contest the award of grant funds under the UMTA to local transportation providers to purchase allegedly non-compliant buses). No court has recognized a private right of action under the FTAA for employees who allege, as Plaintiffs do here, that their

employer has engaged in job-related discrimination.   Accordingly, this cause of action is dismissed with prejudice.

### b.  Title VI

Plaintiffs allege discrimination under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, which prohibits discrimination on the basis of "race, color, or national origin ... under any program or activity receiving Federal financial assistance." Plaintiffs can pursue an employment discrimination claim under Title VI only if they can show that "a primary objective of the Federal financial assistance [the employer receives] is to provide employment." 42 U.S.C. 2000d-3. *See Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 421 (4th Cir. 2005) (listing as one of the elements of a Title VI claim of employment discrimination that "providing employment is a primary objective of the federal aid" that the employer receives); *Trageser v. Libbie Rehab. Ctr., Inc.*, 590 F.2d 87, 88-89 (4th Cir. 1978).   Thus to state a viable cause of action under Title VI, Plaintiffs must make specific factual allegations establishing that they were discriminated against by MV Transportation and WMATA; that the discrimination was based on race, color, or national origin; that MV Transportation and WMATA receive federal funds; and that MV Transportation and WMATA use those funds primarily to provide employment.   Because Plaintiffs fail to do this in their current Complaint, their claims under Title VI are dismissed with leave to amend.

### c.  The Equal Pay Act

Plaintiffs also allege a cause of action under the Equal Pay Act, 29 U.S.C. 206(d), and its implementing regulations, specifically 29 C.F.R. §§ 1620.10, 1620.11, 1620.23, and 1620.27. The Equal Pay Act makes it unlawful for employers to discriminate in pay and fringe benefits based on gender. *See* 29 U.S.C. 206(d) (making it illegal to discriminate based on gender in the

payment of wages); 29 C.F.R. § 1620.10 (defining wages to include fringe benefits). Thus, to articulate a claim under the Equal Pay Act, Plaintiffs need to plead facts establishing that they are members of the class protected by the statute, that is, that they are women. They also need to make concrete allegations about specific instances of gender discrimination in pay or fringe benefits by WMATA, MV Transportation, or the Individual Defendants. Because Plaintiffs fail to provide an adequate factual basis for their Equal Pay Act claims, those claims are dismissed with leave to amend.

### d. ADA

Plaintiffs allege causes of action under section 12112 of the ADA and under 29 C.F.R. § 1630 *et seq.*, the implementing regulations of the ADA.[2] The ADA claims against the Individual Defendants are dismissed with prejudice because an ADA claim of employment discrimination may be brought only against the employer, not individual supervisors. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("[T]he ADA does not permit an action against individual defendants."). In light of the Court's ruling that WMATA has Eleventh Amendment immunity against an ADA claim, only MV Transportation remains as a defendant on this claim.

Section 12112 of the ADA prohibits employers covered by the statute from discriminating against employees on the basis of disability. 42 U.S.C. § 12112(a). This statutory provision could therefore be the basis of a cause of action, but the Complaint is devoid of

---

[2] Plaintiffs also allege a cause of action under Section 12132 of the ADA, which is part of Title II of the ADA, 42 U.S.C. §§ 12131-12165. Section 12132 makes it illegal for certain public entities to discriminate against disabled individuals in terms of providing access to programs or activities. It does not govern discrimination by employers against disabled employees. *Reyazuddin v. Montgomery County, Md.,* ___ F.3d ___, 2015 WL 3651710, at *1, *13 (4th Cir. June 15, 2015) ("[P]ublic employees cannot use Title II to bring employment discrimination claims against their employers."). Because Plaintiffs here allege discrimination in the employment context, section 12132 is inapplicable. Plaintiffs' cause of action under this provision is therefore dismissed with prejudice.

sufficient allegations to support a claim. Specifically, Plaintiffs need to plead facts establishing

that they are members of the class protected by the ADA, that is, that they are disabled. They

also need to allege facts describing specific actions through which MV Transportation

discriminated against them on the basis of their disabilities. In addition, Plaintiffs must establish

that they have exhausted their administrative remedies on their ADA claim. To do this, Plaintiffs

must show that they filed their ADA claims with the United States Equal Employment

Opportunity Commission ("EEOC"), that the EEOC's investigation has concluded, and that they

have received a right-to-sue letter. *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir.

2012). If Plaintiffs have not exhausted their administrative remedies, this Court would lack

jurisdiction to hear their ADA claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir.

2009). Because Plaintiffs fail to provide an adequate factual basis for their ADA claim, and

because they do not establish that they have exhausted administrative remedies, Plaintiffs' cause

of action under section 12112 of the ADA and the ADA's implementing regulations, 29 C.F.R. §

1630 *et seq.*, is dismissed with leave to amend.

### e. ADEA

Plaintiffs allege a cause of action under the ADEA, 29 U.S.C. § 621 *et seq.*[3] The ADEA

claims against the Individual Defendants are dismissed with prejudice because an ADEA claim

---

[3]   Plaintiffs also allege a cause of action under the Age Discrimination Act of 1975, 42 U.S.C. §
6101, *et seq.*, which prohibits age discrimination by federally assisted programs. Under 42
U.S.C. § 6102, it is illegal for entities receiving federal funding to discriminate against
individuals on the basis of age in terms of providing access to programs or benefits. These
statutory provisions therefore do not govern discrimination by employers against employees on
the basis of age. *Brown v. Wash. Metro Area Transit Auth.*, Civ. Action No. DKC-05-0052, 2005
WL 1941630 at *5 n.2 (D. Md. Aug. 12 2005) (noting that "employment practices are not within
the scope of" 42 U.S.C. § 6101 *et seq.*); *Montalvo-Padilla v. Univ. of Puerto Rico*, 498 F. Supp.
2d 464, 467 (D.P.R. 2007) (finding that "Congress did not intend to create a cause of action for
discriminatory employment practices" through 42 U.S.C. § 6101 *et seq.*), Because Plaintiffs'

may be brought only against the employer, not individual supervisors. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding that "the ADEA limits civil liability to the employer" and therefore individual supervisors are "not ... proper defendant[s]"). In light of the Court's ruling that WMATA has Eleventh Amendment immunity against an ADEA claim, only MV Transportation remains as a defendant on this claim.

To state a claim under the ADEA, Plaintiffs would need to plead facts establishing that they are over 40 years of age, and they would have to allege facts describing specific actions through which MV Transportation discriminated against them on the basis of their age. In addition, Plaintiffs must establish that they have exhausted their administrative remedies on their ADEA claim. To do this, Plaintiffs must show that they filed their ADEA claim with the EEOC, that the EEOC's investigation has concluded, and that they have received a right-to-sue letter. *See* 29 U.S.C. § 626(d). If Plaintiffs have not exhausted their administrative remedies, this Court may not hear their ADEA claim. *Jones*, 551 F.3d at 300-01. Because Plaintiffs fail to provide an adequate factual basis for their ADEA claim and because they do not establish that they have exhausted their administrative remedies, Plaintiffs' claim under the ADEA is dismissed with leave to amend.

### f.   41 C.F.R. § 60-1.1

41 C.F.R. § 60-1.1 *et seq.* implements Executive Order 11246, which, as amended, *see* Executive Orders 11375, 12086, 13279, and 13672, prohibits employment discrimination by federal contractors and subcontractors on the basis of "race, color, religion, sex, sexual orientation, gender identity, or national origin[.]" 41 C.F.R. § 60-1.1. As with the other claims, Plaintiffs have not alleged that they are members of any of these protected classes and have not

---

allegations are employment-related, 42 U.S.C. § 6101 *et seq.* is inapplicable. Plaintiffs' cause of action under that statute is thus dismissed with prejudice.

provided any specific factual allegations actions describing when and how WMATA, MV Transportation, or the Individual Defendants discriminated against them because they are members of a protected class. Because the Complaint does not sufficiently allege a plausible claim for relief, this claim is dismissed with leave to amend.

### 4. Retaliation

Plaintiffs allege in the Amended Complaint that Maryland and Marcus-Jones were fired in retaliation for pursuing the grievances that are the basis of this lawsuit. A claim of retaliation for filing a claim of employment discrimination is ordinarily brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and generally must be first filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1) (permitting civil suit only after the person seeking to sue has filed a charge with the EEOC and received a right-to-sue letter). However, as the legal authority for their retaliation claim, Plaintiffs first cite 29 C.F.R. § 33.13, an implementing regulation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, which prohibits "discrimination on the basis of handicap in programs or activities conducted by Executive agencies or the United States Postal Service." 29 C.F.R. § 33.1. This particular regulation bars retaliation for raising a complaint of disability discrimination in "programs or activities conducted by the Department of Labor." 29 C.F.R. §§ 33.2, 33.13. Thus, although Plaintiffs appear to state a plausible claim of improper retaliation, they have not alleged facts that support the inference that the retaliation is related to a claim of disability discrimination in a Labor Department program. Because Plaintiffs fail to do this in their current Complaint, their retaliation claim under 29 C.F.R. § 33.13 is dismissed with leave to amend.

Plaintiffs also assert that the alleged retaliation violated Title VI. As noted above, to state a cause of action for employment discrimination under Title VI, Plaintiffs must establish that

WMATA and MV Transportation receive federal funds the primary objective of which is to provide employment.   Because Plaintiffs fail to do this in their current Complaint, their retaliation claim under Title VI is dismissed with leave to amend.

In amending their claim for retaliation, Plaintiffs are not limited to asserting a claim under Title VI or 29 C.F.R. § 33.13.

### III.   Plaintiffs' Motion for Declaratory Judgment

Plaintiffs ask this Court to issue a declaratory judgment "to conclusively rule on and affirm the rights, duties and fiduciary responsibility" of the Defendants.   Mot. Decl. J. at 1. Here, as outlined above, Plaintiffs have failed to allege facts sufficient to state any plausible claim for relief.   They therefore necessarily fail to establish that they are entitled to a declaratory judgment in their favor.   The Motion for Declaratory Judgment is thus denied.

### IV.   Plaintiffs' Motion for Certification of a Class

Plaintiffs also ask this Court to certify them as a class.   Because the Court has dismissed all of the pleaded causes of action, the named Plaintiffs necessarily cannot show that there are questions of law or fact common to the proposed class, that the claims of the named Plaintiffs are similar to those typical of the claims of the class members, or that the named Plaintiffs will serve as adequate representatives of all members of the class.   *See* Fed. R. Civ. P. 23(a).   The Motion for Certification of a Class is therefore denied without prejudice as premature.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Amend the Complaint is GRANTED, Defendants' Motions to Dismiss are GRANTED, Plaintiffs' Motion for a Declaratory Judgment is DENIED, and Plaintiffs' Motion for Certification of a Class is DENIED.

Plaintiffs are granted leave to amend their Complaint within 21 days of the date of this Order. Any amended complaint may not re-allege any claims dismissed with prejudice and may allege only those claims expressly noted above as dismissed with leave to amend.

Date:  July 13, 2015

THEODORE D. CHUANG
United States District Judge